ERDWIN FUENTES       *       NO. 2019-CA-1045

VERSUS       *

DEPARTMENT OF CIVIL       *       COURT OF APPEAL

SERVICE       FOURTH CIRCUIT

      *

      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9075
No Hearing Officer
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Paula A. Brown)


G. Karl Bernard
G. KARL BERNARD & ASSOCIATES, LLC
1615 Poydras Street, Suite 101
New Orleans, LA 70112


      COUNSEL FOR PLAINTIFF/APPELLANT


Christina L. Carroll
Executive Counsel
CIVIL SERVICE COMMISSION FOR THE CITY OF NEW ORLEANS
1340 Poydras Street, Suite 900
New Orleans, LA 70112


      COUNSEL FOR DEFENDANT/APPELLEE


      **AFFIRMED**


      **MAY 13, 2020**

This appeal is from a New Orleans Civil Service Commission ("the Commission") decision. After review of the record in light of the applicable law and arguments of the parties, we affirm the decision of the Commission.

*Relevant Facts and Procedural History*

The plaintiff, Erdwin Fuentes, began his employment with the City of New Orleans ("the City") in 2003 and is currently (as of the filing of this appeal) the Personnel Division Chief of the Human Resources Department for the New Orleans Department of Parks and Parkways. On February 22, 2019, Mr. Fuentes filed a request pursuant to Civil Service Rule IV. Section 2.7(d) requesting an increase in pay to match that received by another City employee, Ross Matthews, who had recently been hired as the Personnel Division Chief of the Human Resources of the New Orleans Public Library. On February 28, 2019, the request was denied. Mr. Fuentes appealed this decision to the Personnel Director of the Department of City Civil Service, asserting "Rule IV, Section 2.7 mandates that all employees in the same job classification who possess the same or equivalent job qualifications receive the same pay" and insisting that he had the "same or equivalent qualifications, experience, and/or credentials as Mr. Matthews . . . ."

1

After a hearing before the Commission on June 17, 2019, the Commission denied Mr. Fuentes' appeal. Mr. Fuentes appeals this decision.

***Standard of Review***

On appeal, we review the Commission's findings of fact "using the clearly wrong or manifest error standard of review," *Liang v. Dept. of Police*, 2013-1364, p. 8 (La. App. 4 Cir. 8/20/14), 147 So.3d 1221, 1225, and accord "great deference to mixed questions of fact and law." *Orazio v. Dep't of Police*, 2019-0230, p. 7 (La. App. 4 Cir. 6/19/19), 275 So.3d 340, 345, *writ denied,* 2019-01174 (La. 10/15/19), 280 So. 3d 609.

***Discussion***

In his only assignment of error on appeal, Mr. Fuentes argues that the Commission failed to properly interpret and apply Civil Service Rule IV, § 2.7(d) in determining that he "was not entitled to a compensation adjustment as necessary to comply with the *intent* of the law in ensuring fair and equal compensation for similarly qualified city employees." (Emphasis added)

Civil Service Rule IV, § 2.7(d) provides:

> The salaries of all current probationary and permanent employees who occupy positions in the same job classification and who possess the same or equivalent qualifications, experience, and/or credentials shall be adjusted up to but not to exceed the rate granted to that employee provided that the qualifications, experience, and/or credentials are also verified and documented in the same manner as that employee. . . .

In this case, Mr. Fuentes' initial request was rejected based on a finding that his qualifications, experience, and credentials were not the same or equivalent to Mr. Matthews; specifically, Mr. Matthews received the 10% increase above the general base pay for the position based on his "extraordinary qualifications" of 30 years of Human Resources experience and a Master's degree in Human Resources

2

& Career Development. Mr. Fuentes had only a Bachelor's degree and fifteen years of experience which was not the same or equivalent under Rule IV, § 2.7(d).

The Commission echoed this analysis in denying Mr. Fuentes' appeal. Specifically, the Commission observed that the Rule allows appointing authorities to hire applicants at a higher salary "if the applicant has 'extraordinary qualifications'" and "also allows other employees in the same classification to request the same rate of pay provided that the employee has the same or similar qualifications that were deemed 'extraordinary.'" Thus, according to the Commission's interpretation of the Rule, to receive the same salary as Mr. Matthews, Mr. Fuentes needed to show (1) that he/she occupies the same job classification as the comparative employee and (2) he/she possesses the "same or equivalent qualifications, experience and/or credentials" as the comparator employee to qualify for an increase in pay under Extraordinary Qualification Pay Rule (Rule IV, § 2.7). The Commission found Mr. Fuentes did not satisfy the second requirement because he did not have the "same or equivalent" credentials and qualifications as Mr. Matthews.

On appeal, Mr. Fuentes argues that the Commission erred in finding that Mr. Matthews had thirty years "relevant experience" because his experience was in the private sector. According to Mr. Fuentes, the "equivalency provision" of the Rule "should apply to long-term civil servants who display a lengthy commitment, dedication, and excellence in their position within the City of New Orleans."

Nothing in the language of the Rule supports Mr. Fuentes' interpretation. Accordingly, the Commission was not clearly wrong in finding that, pursuant to Rule IV, § 2.7(d), Mr. Fuentes' Bachelor's degree and fifteen years of City employment was not the "same or equivalent" experience and credentials as Mr.

3

Matthews' Master's degree and  thirty years of relevant experience.  This assignment of error is without merit.

*Conclusion*

The judgment of the Commission is affirmed.

**AFFIRMED**